# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0663, <u>State of New Hampshire v. Kile A. Madsen</u>, the court on June 12, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  See Sup. Ct. R. 20(2).  The defendant, Kile A. Madsen, appeals his convictions, following a multi-day jury trial in Superior Court (<u>Temple</u>, J.), on one felony count of theft by unauthorized taking, <u>see</u> RSA 637:3 (2016), and one felony count of conspiracy to commit theft by unauthorized taking, <u>see</u> RSA 629:3 (2016).  The defendant advances two arguments challenging his convictions, which we will address in turn.  We affirm.

In this case, the basis of the defendant's convictions was that he, in concert with his wife, exercised unauthorized control over funds belonging to his elderly father, who suffered from dementia, and then used those funds on unauthorized purchases which were to his, and his wife's, benefit.  At trial, the defendant requested jury instructions relative to the definition of mental "competency."  The trial court denied the defendant's request, ruling that a finding as to the victim's competency was not required as an element of the charged crimes, nor of the sentencing enhancement sought by the State.  See RSA 637:3 (theft); RSA 629:3 (conspiracy); RSA 651:6, I(*l*) (2016) (providing a sentencing enhancement when victim is 65 years of age or older, or has a physical or mental disability, and defendant intended to take advantage of that condition).  Thus, the court concluded that to instruct the jury as to the legal concept of competency, when it was not an essential issue for the jury to resolve, would create unnecessary confusion for the jury.

On appeal, the defendant argues that the trial court erred by denying his request for a "competency" instruction because the victim's competency was in question, and because the victim's competency was relevant to the ultimate issue of whether the victim had authorized the defendant to use the victim's funds.  See RSA 637:3.  We disagree.

"The necessity and the particular scope and wording of a jury instruction generally fall within the sound discretion of the trial court."  <u>State v. Boggs</u>, 171 N.H. 115, 122 (2018).  "The purpose of a trial court's jury instructions is to state and explain to the jury, in clear and intelligible language, the rules of law applicable to the case."  <u>State v. Gribble</u>, 165 N.H. 1, 29 (2013).  Thus, "[w]hen reviewing jury instructions, we determine whether the instructions adequately and accurately explain each element of the offense and reverse only if the

instructions did not fairly cover the issues of law arising in the case." Id. Accordingly, "[w]e review the trial court's decisions on these matters for an unsustainable exercise of discretion," and, to prevail, "the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case." Id. (quotation omitted); see also State v. Vassar, 154 N.H. 370, 373 (2006) (holding that a trial court's decision not to give a particular jury instruction is reviewed under the unsustainable exercise of discretion standard).

We can discern no error in the trial court's decision. Here, the pertinent question before the jury was whether the victim had authorized the defendant's use of the funds. See RSA 637:3. Although the victim's state of mind, and, by extension, his mental competency, was relevant to that question as a factual matter, the jury was not tasked with making a finding as to the victim's legal competency, because, as the trial court correctly ruled, that is not a required element of the charged offenses nor of the requested sentencing enhancement. See RSA 637:3; RSA 629:3; RSA 651:6, I(*l*). Accordingly, given that the parties were permitted to adduce considerable evidence as to the victim's mental capacity, and to argue the issue in their closing arguments, we conclude that the trial court did not unsustainably exercise its discretion by declining to give the requested instruction. See Boggs, 171 N.H. at 122; Gribble, 165 N.H. at 29; Vassar, 154 N.H. at 373.

Next, we consider the defendant's argument that the State failed to introduce sufficient evidence to prove that his use of the victim's funds was "unauthorized." He argues that the relevant evidence adduced was all circumstantial, and that it failed to foreclose the reasonable conclusion that the victim authorized the defendant's use of the funds out of generosity toward his son, and gratitude for the defendant's assistance in defeating a guardianship petition brought by another of the victim's adult children, and for the defendant's assistance in maintaining the victim in his own home, where he wished to continue living. Even assuming, without deciding, that the evidence was solely circumstantial, we disagree with the defendant.

"A challenge to the sufficiency of the evidence raises a question of law, which we review de novo." State v. Seibel, 174 N.H. 440, 445 (2021). Where the defendant challenges a finding for which the record contains only circumstantial evidence, "the defendant must establish that the evidence fails to exclude all reasonable conclusions except guilt." Id. "The proper analysis is not whether the evidence excludes every possible conclusion consistent with innocence, but whether it has excluded all reasonable conclusions other than guilt." Id. "We do not determine whether the defendant has suggested another possible hypothesis that could explain the events in an exculpatory fashion." Id. "Rather, we evaluate the evidence in the light most favorable to the State and determine whether the alternative hypothesis is sufficiently reasonable that a rational trier of fact could not have found proof of guilt beyond a reasonable doubt." Id.

2

"Where solely circumstantial evidence is at issue, the critical question is whether, even assuming all credibility resolutions in favor of the State, the inferential chain of circumstances is of sufficient strength that guilt is the sole rational conclusion." Id. (quotation and brackets omitted).

Here, based upon our review, we conclude that the evidence, viewed in the light most favorable to the State, foreclosed any reasonable conclusion that the victim authorized the defendant to make these expenditures. For example, there was ample evidence demonstrating that, once the victim's cognitive ability declined, the spending of the defendant, and his wife, increased; that that spending — which amounted to tens of thousands of dollars spent on casino trips, cosmetics products, and related items — was drastically out of character for the victim; and that it was inconsistent with the victim's longstanding financial plan not to "run out of money before [he] ran out of time."

Additionally, the evidence demonstrates that the defendant lied to the victim's financial institution when requesting transfers from the victim's account. Although he stated that the funds would be used for various purposes for the benefit of the victim, a significant portion of those funds was actually used for the benefit of the defendant and his wife. Further, both the defendant and his wife made misleading and contradictory statements to police and other investigators when asked about the relevant accounts, their use of the funds, the victim's cognitive ability, and whether or not the victim participated in the numerous casino trips and other expenditures. Such statements are evidence of the defendant's consciousness of guilt, and further negate the reasonableness of the notion that the victim authorized the expenditures.

Although the defendant highlights circumstances that may have given the victim "reason to treat [the defendant] generously," the evidence he references to support his assertion that the victim actually authorized the expenditures at issue amounts to statements he and his wife made to investigators to the effect that they showed bills and bank statements to the victim — who, as noted, was elderly and suffered from dementia — and that he "never objected to any of the expenditures." Regardless of whether or not such evidence could support a reasonable finding that the victim actually authorized the expenditures, under our standard of review, we must "assum[e] all credibility resolutions in favor of the State," Seibel, 174 N.H. at 445 (quotation omitted); see also State v. Folley, 172 N.H. 760, 769-70 (2020).

Accordingly, based upon our review of the evidence, we conclude that the defendant's alternative exculpatory hypothesis — that the victim supposedly authorized the expenditures at issue — is not sufficiently reasonable to prevent a rational trier of fact from finding proof of guilt beyond a reasonable doubt. Here, "the inferential chain of circumstances is of sufficient strength that guilt is the sole rational conclusion." Seibel, 174 N.H. at 445 (quotation omitted); see also

Folley, 172 N.H. at 767-70 (holding, on very similar facts, that the circumstantial evidence introduced by the State was sufficient to prove lack of authorization, and that the defendants' alternative explanation, that the victim authorized their use of the money because she wanted to repay them for all that they had done for her and help them "in their time of need," was not reasonable).

Affirmed.

Bassett and Countway, JJ., concurred; Nadeau, J., retired superior court chief justice, specially assigned under RSA 490:3, concurred.

**Timothy A. Gudas,**
**Clerk**